But the court thought there was no evidence of fraud, or improper omissions of making the entry. That the barley and herrings were not more than a seaman’s common stores, which are never entered; and that the supposed box of lace was probably that mentioned in the permit. That the proceeds of the sale ought therefore to be restored to the owners; but at the costs of the respondent, as there was probable cause of seizure; and the following judgment was entered on the order book: ‘ ‘This day came the parties by their counsel, and the court having maturely considered, the transcript of the record, and the arguments *753 of the counsel, are of opiniofi that the said sentence is erroneous: Therefore it is decreed and ordered, that the same be reversed and annulled, and that the appellee pay to the appellant his costs, by him, expended in the prosecution of his appeal aforesaid here: And the court proceeding to give such sentence as the said court of admiralty ought to have given, do decree and order that the libel be dismissed; that the sum of two hundred and thirty pounds three shillings and three pence, the amount of the sales of the vessel and *cargo, be restored to the respective owners, retaining thereout seventy-two pounds seven shillings and eight pence half penny, the costs in the court of admiralty, the court being of opinion that there was probable cause of seizure: and the money raised by the sale of the brigantine, being subject to the seamen’s wages, if any be due, in lieu of the ship, that such wages be secured previous to the payment of that money, as the district court, directed, by law, to be holden at Williamsburg, shall direct. All which is ordered to be certified to the said district court.”